UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL KEITH DAUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14-cv-152-SPM |
| | ) | |
| STEAK N SHAKE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Dismiss filed by Defendant Steak N Shake ("Defendant"). (Doc. 10). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636. (Doc. 13). For the reasons stated below, the Court will grant Defendant's motion in part and deny it in part.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, acting *pro se*, brings this action alleging disability discrimination with regard to public accommodations in violation of Title III of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12182 *et seq.* (the "ADA"), and race discrimination with regard to public accommodations in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq*. (the "Civil Rights Act"). Plaintiff alleges that he and three of his friends, all of whom are disabled (one using a motorized wheelchair and the rest using canes) and African American, went to a Steak N Shake restaurant for breakfast, and no one came to wait on them. He and his friends attempted to get the waitress's attention but were ignored. Meanwhile, two white gentlemen received full service. The only customers in the restaurant were Plaintiff, his three friends, and the two white gentlemen.

In the "Relief" section of his form complaint, Plaintiff states, "I would like the Court to give me the chance to bring this discrimination before its court, with the hopes that no one else would have to suffer the pain and heartache we experienced for being African American + Disabled." Plaintiff also states that he seeks money damages in the amount of $150,000, and he states that the wrongs alleged are continuing to occur. (Doc. 1).

Defendant filed the instant Motion to Dismiss, arguing that Plaintiff has failed to state a claim because he seeks only monetary damages, which are not permitted under the statutes at issue. (Doc. 10). In his Response, Plaintiff states that he is "requesting permanent injunctive relief" and $750,000 as remedy. (Doc. 20, at 1). Lastly, Plaintiff requests in his Response that the Court refer this case to the Department of Justice, arguing that he can demonstrate that Steak N Shake shows a pattern or practice of discrimination in how it treats African-American individuals with disabilities. (*Id.*).

## II. LEGAL STANDARD

When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the factual allegations in the complaint, but it need not accept legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*(citing *Twombly*, 550 U.S., at 556).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, [the court holds] 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than

formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus,* 551 U.S. 89, 94 (2007)); *see also Whitson v. Stone Cnty. Jail,* 602 F.3d 920, 922 n. 1 (8th Cir. 2010) ("*[P]ro se* litigants are held to a lesser pleading standard than other parties . . . .'") (quoting *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008)); *Johnson v. Arden*, 614 F.3d 785, 798 (8th Cir. 2010) (construing a *pro se* litigant's pleadings broadly).

### III. DISCUSSION

#### A. Plaintiff Seeks Injunctive Relief in His Complaint

Defendant moves to dismiss both Plaintiff's Civil Rights Act claim and his ADA claim on a single ground: that Plaintiff seeks only monetary damages and not injunctive relief.

Defendant is correct that a plaintiff bringing claims under Title II of the Civil Rights Act or Title III of the ADA may obtain injunctive relief but not monetary damages. *See* 42 U.S.C. § 2000a-3 (providing that when any person has "engaged . . . in any act or practice prohibited by [Title II], a civil action for preventative relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved . . . ."); *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968) ("When a plaintiff brings an action under [Title II of the Civil Rights Act], he cannot recover damages."); *Woods v. Wills*, 400 F. Supp. 2d 1145, 1163 (E.D. Mo. 2005) (noting that Title III of the ADA "borrows the remedies and procedures set forth in . . . 42 U.S.C. § 2000a-3(a)" and stating, "It is well established that individual claims for damages based on alleged disability discrimination in violation of Title III of the ADA are precluded, and injunctive relief is the only available remedy."); *Stebbins v. Legal Aid of Arkansas*, 512 F. App'x 662 (8th Cir. 2013) ("Title III of the

ADA does not provide for private actions seeking damages . . . ."). Thus, Plaintiff's claim for monetary damages will be dismissed.

However, I disagree with Defendant's contention that Plaintiff is seeking only monetary damages. In the section of the form complaint that states, "Relief: State briefly and exactly what you want the Court to do for you," Plaintiff states:

> I would like the court to give me the chance to bring this discrimination before its court, with hopes that no one else would have to suffer the pain and heartache we experienced for being African American + Disabled.

(Doc. 1, at p. 4). Read liberally, this can be construed as a request for injunctive relief to prevent future discrimination by Steak N Shake against Plaintiff and others. Moreover, Plaintiff also noted in his Response that he is "requesting permanent injunctive relief." (Doc. 20, at p. 1).

Defendant suggests that Plaintiff's Complaint must be dismissed because he has not articulated the specific injunctive remedy he is seeking and because no practical injunctive relief exists. However, the sole case Defendant cites in support of that argument is one in which the plaintiff conceded that injunctive relief would be impossible because the buildings whose structure violated Title III of the ADA had been torn down and no longer existed. *See Brown v. Berhndt*, No. 1:12-CV-00024-KGB, 2013 WL 1497784, at *4-*5 (E.D. Ark. April 10, 2013). Here, although Plaintiff does not mention a specific form of injunctive relief in his Complaint, there is nothing to suggest that an injunctive remedy would be impossible. For example, there may be training or policy changes that would provide a remedy, and discovery may shed light on the most appropriate specific remedy. *Cf. Franck-Teel v. Hampton*, No. CV-05-71-E-BLW, 2005 WL 2847231, at *1 (D. Idaho Oct. 28, 2005) ("Plaintiff may be able to develop through discovery facts showing that injunctive relief is available in the form of training or policy changes . . . .").

In sum, when read liberally, as is required for a *pro se* pleading, Plaintiff seeks injunctive relief in his Complaint and not merely monetary damages. Thus, Defendant's argument that Plaintiff fails to state a claim on this ground is rejected.

**B. Plaintiff's Request for Referral to the Department of Justice Is Denied**

Plaintiff requests in his Response that the Court refer this case to the Department of Justice. As Defendant points out, however, Plaintiff does not provide any authority that would support such a referral and the Court is unaware of any such authority. Thus, I decline to refer this case to the Department of Justice.

### IV. CONCLUSION

For all of the above reasons, Plaintiff has adequately pleaded a request for injunctive relief under Title III of the ADA and Title II of the Civil Rights Act. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Steak N Shake's Motion to Dismiss (Doc. 10) is **GRANTED** with regard to Plaintiff's claims for monetary damages and **DENIED** with regard to Plaintiff's claims for injunctive relief.

**IT IS FURTHER ORDERED** that Plaintiff's request that the Court refer this case to the Department of Justice is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant shall have until **July 24, 2014** to file an answer to Plaintiff's Complaint.

/s/Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of July, 2014.